# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| FRANCISCO VIDAL, | |
| Plaintiff, | Case No. 2:19-cv-01368-GMN-VCF |
| vs. | **ORDER** |
| NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*, | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 3) AND COMPLAINT (ECF NO. 1-1) |
| Defendants. | |

Before the Court are *pro se* Plaintiff Francisco Vidal's application to proceed *in forma pauperis* (ECF No. 3) and complaint (ECF No. 1-1). Vidal's *in forma pauperis* application is granted and his complaint is dismissed without prejudice, with leave to amend.

## DISCUSSION

Vidal's filings present two questions: (1) whether Vidal may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Vidal's complaint states a plausible claim for relief.

**I.  Whether Vidal May Proceed *In Forma Pauperis***

Vidal's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Vidal's affidavit, he does not have any income and he does not have any funds available, as reflected on his inmate balance history report. (ECF No. 3 at 4-5). Plaintiff's application to proceed *in forma pauperis* is granted.

**II.     Whether Vidal's Complaint States a Plausible Claim**

Because the Court grants Vidal's application to proceed *in forma pauperis*, it must review Vidal's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible."   556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Vidal's complaint is styled as a class-action § 1983 complaint against the Nevada Board of Parole Commissioners, doe commissioners from the parole board, the Nevada State Public Defender's Office, multiple police officers, doe attorneys from the public defender's office, the Las Vegas Police Department, and hearing officer Alonzo Pany. (See ECF No. 1-1 at 1). Vidal is currently incarcerated. (*Id*. at 8). Vidal alleges that he, along with every person on parole, who has a parole revocation hearing,

is denied due process and equal protection. (*Id.* at 4). Vidal does not allege that he has communicated with any other person who has similar complaints against the defendants for his class action. Vidal alleges that his parole officer recommended revoking his parole because he was 26 minutes late to an office visit and that his prison sentence will expire in 2028. *(Id*. at 5). Vidal says he was not allowed to speak at his hearing because the hearing officer, Alonzo Pany, told him to be quiet. (*Id.* at 5). Vidal also alleges that his public defender did nothing to prepare him for the parole revocation hearing which violated his due process right to effective assistance of counsel[1]. (*Id.* at 6). Vidal asks this Court to review the entire parole revocation process because the judge is not impartial and is subordinate to the accusing parole officer. (*Id.* at 3-4). Vidal asks this Court, "to compel the defendants to provide Effective (sic) assistance of counsel as Due (sic) process requires."

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). A public defender does not act under color or law when performing a lawyer's traditional function as appointed counsel to a defendant. See *Georgia v. McCollum*, 505 U.S. 42, 53, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992).

The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

---

[1] Vidal's complaint is unclear regarding whether his attorney was present at the hearing: his complaint states that he met his attorney five minutes prior to his parole revocation hearing, (*Id.* at 6) but the complaint also states that his attorney could not find information on how to attend his hearing (*Id.* at 5). Vidal should address whether his attorney was present at the parole revocation hearing in his amended complaint.

3

conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

Challenging the procedures used in parole hearings implicates, "the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id.* When a prisoner claims he is incarcerated due to the "bias" of the judge or state officials it, "implie[s] the invalidity of the [prisoner's] confinement; therefore [the prisoner's] sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (Finding that inmates did not have standing to seek relief under § 1983 because "bias" could not be addressed by an injunction and the validity of confinement can only be addressed by a habeas corpus petition.)

Plaintiff has not alleged that any of the defendants acted under color of law; plaintiff's appointed defender was not acting under color of law if he or she was performing a lawyer's function as appointed counsel during the parole revocation hearing. Plaintiff does not have standing to bring a § 1983 claim to challenge the alleged procedural defects in the parole process and the plaintiff's belief that the judge and hearing officials were biased. Plaintiff's claims challenge the invalidity of his confinement due to the revocation of his parole, and thus he fails to state a § 1983 claim against the Nevada Board of Parole Commissioners. Plaintiff may raise these allegations against the Nevada Board of Parole Commissioners in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an *in forma pauperis* application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the

4

"plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff gives no indication in his complaint that his conviction has been challenged or overturned by any court.

Vidal fails to articulate a claim or claims against defendants. It is possible that these deficiencies may be cured through amendment. Vidal's complaint is dismissed without prejudice. Vidal must file an amended complaint explaining how the Court has jurisdiction over the defendants, the circumstances of the case, the relief Vidal seeks from the Court, and the law upon which he relies in bringing the case in this Court. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

IT IS ORDERED that Vidal's application to proceed *in forma pauperis* (ECF No. 3) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Vidal's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Vidal has until October 7, 2019 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 6th day of September 2019.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE