UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

FRANCISCO VIDAL,

          Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

          Defendants.

Case No. 2:19-cv-01368-GMN-VCF

**REPORT AND RECOMMENDATION FOR DISMISSAL**

AMENDED COMPLAINT (ECF NO. 11)

      On September 6, 2019, the Court granted pro se plaintiff Francisco Vidal's application to proceed in forma pauperis and dismissed his complaint without prejudice. (ECF No. 6). On November 7, 2019, Vidal filed the instant amended complaint. (ECF No. 11). Pursuant to 28 U.S.C. § 1915(e), this Court recommends that this action be dismissed because it fails to state a plausible claim for relief.

**I.    Discussion**

      Pursuant to 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). "[A] pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Vidal's amended complaint is styled as a § 1983 complaint against the State of Nevada, Nevada Parole and Probation, Brian Williams, Officer J. Lindsey, and L. Villanueva. (See ECF No. 7 at 1). Vidal is currently incarcerated. (*Id*. at 10). Vidal alleges that he was denied due process and equal protection at his parole revocation hearing. (*Id.* at 7). Vidal also brings claims for false imprisonment, intentional infliction of emotional distress, and malicious prosecution. (*Id.*) Vidal alleges that his parole officer recommended revoking his parole because he was 26 minutes late to an office visit and that his prison sentence will expire in 2028. *(Id*. at 5). Vidal says he was not allowed to speak at his hearing because the hearing officer told him to "shut up". (*Id.* at 5). Vidal alleges that he was denied due process during his parole revocation process because the judge was not impartial and is subordinate to the accusing parole officer. (*Id.* at 4). Vidal asks the Court to award $10,000 in damages per day he has been incarcerated. (ECF No. 11 at 9).

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

Challenging the procedures used in Vidal's parole hearing implicates, "the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. When a prisoner claims he is incarcerated due to the "bias" of the judge or state officials it, "implie[s] the invalidity of the [prisoner's] confinement; therefore [the prisoner's] sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (Finding that inmates did not have standing to seek relief under § 1983 because "bias" could not be addressed by an injunction and the validity of confinement can only be addressed by a habeas corpus petition.)

Plaintiff does not have standing to bring a § 1983 claim to challenge the alleged procedural defects in the parole process and the plaintiff's belief that the judge and hearing officials were biased. Plaintiff's claims challenge the invalidity of his confinement due to the revocation of his parole, and thus he fails to state a § 1983 claim. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff asks for

monetary damages measured by the time he has been incarcerated, but plaintiff gives no indication in his amended complaint that his conviction has been challenged or overturned by any court. Vidal fails to articulate a claim or claims against defendants. Vidal's complaint should be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that this action be DISMISSED, and Judgment entered, accordingly.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 20th day of November 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE