**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCISCO VIDAL, | )<br>) |
| Plaintiff, | ) Case No.: 2:19-cv-01368-GMN-VCF |
| vs. | ) |
| STATE OF NEVADA, *et al.*, | ) **ORDER**<br>) |
| Defendants. | )<br>) |

Pending before the Court is the Report and Recommendation ("Report") of the Honorable United States Magistrate Judge Cam Ferenbach, (ECF No. 12), which states that pro se Plaintiff Francisco Vidal's ("Plaintiff") Amended Complaint, (ECF No. 11), should be dismissed for failure to state a plausible claim for relief and judgment should be entered. Plaintiff filed an Objection, (ECF No. 13), to the Report.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Here, the Report makes clear that the Amended Complaint fails to articulate a claim against Defendants. To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). However, the Supreme Court has held that a prisoner in custody cannot use a § 1983 action to

challenge the fact or duration of his confinement, but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Plaintiff's Objection takes issue with one sentence in the Report which states that "Plaintiff's claims challenge the invalidity of his confinement due to the revocation of his parole, and thus he fails to state a § 1983 claim." (R&R at 3, ECF No. 12). Plaintiff states that his parole was not revoked, that the Board quashed his retake warrant, and reinstated his parole after "P&P dismissed violations." (Obj. at 3, ECF No. 13). He further states that he was in custody due to a retake warrant being issued, after defendants maliciously prosecuted him and found him guilty of violations without giving him due process at his preliminary inquiry hearing. (*Id.*). Plaintiff further contends that after the hearing he was taken back to his cell and that defendant decided to continue to find him guilty of all violations without his presence. (*Id.*). Plaintiff insists that he is not in custody due to defendants' actions. (*Id.* at 8). He is "simply waiting to be processed & released to [his] new address." (*Id.*).

As explained in the Report, a § 1983 claim cannot be used to vacate convictions, **but it can be used to recover damages for allegedly unconstitutional imprisonment**. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (emphasis added). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal courts issuance of a writ of habeas corpus." *Id*. at 486–487. Plaintiff asks for monetary damages measured by the time he has been incarcerated, but Plaintiff gives no indication in his Amended Complaint that his conviction has been challenged or overturned by any court. Plaintiff fails to articulate a claim against Defendants. Moreover, Plaintiff's Objection does not address any of the legal issues identified in the Report.

Based on the foregoing, the Court finds Plaintiff's Amended Complaint fails to state a § 1983 against Defendants. The Court further finds that amendment would be futile and

therefore dismisses without leave to amend.  Accordingly, Plaintiff's Amended Complaint is dismissed.

**I.      CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 12), is **ACCEPTED and ADOPTED** in full.  Plaintiff's Amended Complaint, (ECF No. 11), is **DISMISSED**.

**IT IS FURTHER ORDERED** that all currently pending motions are **DENIED as moot**.  The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this  31  day of May, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court